**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| **YETI COOLERS, LLC,** *Plaintiff* § § § | |
| v. § § | Case No. 1:19-cv-692-RP |
| **VOYAGER INDUSTRIES, INC. d/b/a YETTI OUTDOORS,** *Defendant* § § § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

**TO: THE HONORABLE ROBERT PITMAN**
**UNITED STATES DISTRICT JUDGE**

Before this Court are a Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue, filed by Defendant Voyager Industries, Inc. d/b/a Yetti Outdoors ("Voyager") on September 17, 2019 (Dkt. No. 7); Plaintiff YETI Coolers, LLC's ("Yeti") Response, filed on October 1, 2019 (Dkt. No. 10); and Voyager's Reply, filed on October 8, 2019 (Dkt. No. 12). The District Court referred Voyager's Motion to the undersigned on February 5, 2020, for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

### I. Background

Yeti is a company organized under the laws of Delaware with a principal place of business in Austin, Texas. Complaint, Dkt. No. 1 at 2 ¶ 1. Voyager is a company organized under the laws of Minnesota with a principal place of business in Brandon, Minnesota. *Id.* at ¶ 2.

Yeti has used and registered the mark YETI, in plain and stylized form, in connection with insulated coolers, drinkware, clothing, bags, and fishing gear. *Id.* at 3-5 ¶¶ 7-8. Voyager uses the

domain name www.yettioutdoors.com. Declaration of Jon Boutain in Support of Voyager's Motion ("Boutain Dec."), Dkt. No. 7-1 at 3 ¶ 4. Voyager also offers ice fishing house shells, interior finishing of fish houses, and related accessories and promotional gear and apparel under the brand name "Yetti Fish Houses." *Id.* at 3 ¶¶ 5-6. Voyager's primary product sold under the Yetti Fish House brand are structures called ice fishing houses used for fishing on frozen rivers and lakes. *Id.* at 3 ¶ 6. The average retail sale price of a Yetti Fish House is $31,575. Declaration of Jon Boutain in Support of Voyager's Reply ("Boutain Reply Dec."), Dkt. No. 12-7 at 3 ¶ 8.[1]

Yeti filed suit against Voyager on July 8, 2019, asserting claims of trademark infringement, dilution, unfair competition and false designation of origin, and cyberpiracy under the Lanham Act, 15 U.S.C. §§ 1114 and 1125; a claim of trademark dilution under TEXAS. BUS. & COM. CODE § 16.103; and common-law claims of trademark infringement, unfair competition, misappropriation, and unjust enrichment. Yeti seeks injunctive relief, as well as awards of Voyager's profits, damages, and attorney fees.

## II. Legal Standards

This Court may exercise personal jurisdiction over a defendant if: (1) the Texas long-arm statute creates personal jurisdiction over the defendant, and (2) "the exercise of personal jurisdiction is consistent with the due process guarantees of the United States Constitution." *Revell v. Lidov*, 317 F.3d 467, 469 (5th Cir. 2002). Because the Texas long-arm statute extends to the limits of the Due Process Clause of the Fourteenth Amendment, this court need only determine whether exercising personal jurisdiction over the defendant is consistent with constitutional due process. *Id.* at 469-70. Exercise of personal jurisdiction over a defendant comports with due process if (1) the defendant has purposefully availed itself of the benefits and protections of Texas

---

[1] Mr. Boutain, Voyager's Chief Financial Officer, submitted separate declarations in support of Voyager's Motion, Dkt. No. 7-1, and Reply, Dkt. No. 12-7.

by establishing "minimum contacts" with Texas, and (2) the exercise of jurisdiction does not "offend traditional notions of fair play and substantial justice." *Id.* at 470.

Sufficient "minimum contacts" will give rise to either general jurisdiction or specific jurisdiction. *Id.* Here, Yeti argues that Voyager is subject to specific, not general, jurisdiction. Dkt. No. 10 at 10. Minimum contacts with Texas to support specific personal jurisdiction exist when a nonresident defendant "purposefully directed its activities at the forum state and the litigation results from alleged injuries that arise out of or relate to those activities." *Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 215 (5th Cir. 2000) (quotations omitted). The minimum contacts analysis in cases of specific jurisdiction is narrow, focusing on the relationship between the defendant, the cause of action, and the forum state. *Toshiba Funding Auth. Ltd. v. Somerset Marine, Inc.*, 923 F. Supp. 982, 985 (S.D. Tex. 1996).

When a nonresident defendant presents a motion to dismiss for lack of personal jurisdiction,

> [t]he plaintiff bears the burden of establishing jurisdiction, but need only present *prima facie* evidence. We must accept the plaintiff's uncontroverted allegations, and resolve in [its] favor all conflicts between the facts contained in the parties' affidavits and other documentation. In considering a motion to dismiss for lack of personal jurisdiction a district court may consider affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery.

*Revell*, 317 F.3d at 469 (cleaned up). In the minimum-contacts analysis, the Court considers the totality of the circumstances; no single factor is determinative. *See Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985).

### III. Analysis

Yeti argues that jurisdiction is proper for two reasons. First, Yeti submits, personal jurisdiction is proper in a trademark case in a plaintiff's home forum where a defendant intentionally infringes the plaintiff's trademark with knowledge that its tortious activities would harm the plaintiff in the

3

forum. Dkt. No. 10 at 11-15. Second, Yeti contends that jurisdiction is proper because Voyager has an interactive website with which Texas residents interact and because Voyager advertises in the state. *Id.* at 15-19. In the alternative, Yeti seeks leave to conduct jurisdictional discovery. *Id.* at 22-25. The Court addresses each of these arguments in turn.

### A. Intentional Infringement

Yeti primarily relies on two cases from the Northern District of Texas in support of its contention that personal jurisdiction is proper in the plaintiff's home forum where a defendant has intentionally infringed a mark: *First Fitness Int'l, Inc. v. Thomas*, 533 F. Supp. 2d 651, 655-57 (N.D. Tex. 2008), and *Carrot Bunch Co., Inc. v. Computer Friends, Inc.*, 218 F. Supp. 2d 820, 826 (N.D. Tex. 2002). This Court, however, has explicitly rejected this argument. In *Breakall v. Munn*, No. A-08-CA-485-LY, 2008 WL 11417063 (W.D. Tex. Oct. 9, 2008), the Court rebuffed an argument that, in the absence of other contacts with the state, a trademark defendant's intentional injury to the plaintiff in Texas was sufficient to establish specific personal jurisdiction, stating that: "Such a result would completely vitiate the constitutional requirement of minimum contacts and purposeful availment." *Id.* at *4 (quoting *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 870 (5th Cir. 2001)). Even if true, the Court wrote, such allegations relate only to the foreseeability of an infringer's causing injury in Texas, which are insufficient to establish specific personal jurisdiction. *Id.* "The 'foreseeability that is critical to due process . . . is that the defendant's conduct ***and connection*** with the forum State are such that [the defendant] should reasonably anticipate being haled into court there.'" *Id.* (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985)).

In any event, Yeti has not established a prima facie case of intentional infringement. Voyager submitted evidence that: "Voyager introduced the Yetti Fish House product line in 2010. At that time, Voyager did not know YETI existed." Boutain Reply Dec., Dkt. No. 12-7 at 2 ¶ 3. Even

4

Yeti's own briefing merely speculates that Voyager "*likely* knew of YETI before Yetti Outdoors registered its domain name, yettioutdoors.com, in December 2015." Dkt. No. 10 at 13-14 (emphasis added). Yeti submitted no evidence of intentional infringement of the YETI mark, and its argument that personal jurisdiction is appropriate on this basis is unavailing.

### B. Voyager's Website

Yeti's second and final argument is that personal jurisdiction is proper based on Voyager's website. In analyzing website-based personal jurisdiction, the Fifth Circuit has drawn on the approach of the sliding scale of website interactivity laid out in *Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119, 1124 (W.D. Pa. 1997). *See Mink v. AAAA Dev. LLC*, 190 F.3d 333, 336 (5th Cir. 1999). The more interactive a website, the more likely exercise of personal jurisdiction will prove proper. *See id.*

The Court agrees with Yeti that Voyager's website yettioutdoors.com is in the midrange of interactivity. Dkt. No. 10 at 15-16. Through the website, consumers can purchase YETTI apparel and accessories, including T-shirts, sweatshirts, and hats. With respect to fish houses, consumers also can use the website to watch videos, find a dealer, and use a form to "Contact Yetti," among other features. *Id.* at 9. The website is accessible to Internet users worldwide. Thus, the website allows Defendants to do business over the Internet with residents of Texas, like other states.

This determination, however, is not the end of the jurisdictional inquiry. A website's position on the *Zippo* sliding scale is only a useful indicator, not determinative as to whether the exercise of personal jurisdiction comports with due process. *Pervasive Software Inc. v. Lexware GmbH*, 688 F.3d 214, 227 n.7 (5th Cir. 2012). Regardless of a website's position on the scale, "internet-based jurisdictional claims must continue to be evaluated on a case-by-case basis, focusing on the nature and quality of online and offline contacts to demonstrate the requisite purposeful conduct that establishes personal jurisdiction." *Id.* In other words, due process analysis still is required:

> Remember, however, that the Zippo sliding scale approach is not a litmus test for determining that due process would not be offended by the court asserting jurisdiction. Even if purposeful availment is shown, it also must be found that the plaintiff's cause of action arose out of the defendant's Internet contacts with the forum state (if that is the basis for the cause of action), and that exercising specific personal jurisdiction would be reasonable and fair under the International Shoe line of cases.

4A ADAM N. STEINMAN, FEDERAL PRACTICE AND PROCEDURE (WRIGHT & MILLER) § 1073 (4th ed. 2019).

Voyager submitted evidence that it

> has never attempted Yetti Fish Houses or related promotional products sales in the state of Texas because Voyager does not believe that there is any market in the state of Texas for ice fishing houses. This is due to the fact that winter in Texas virtually never reaches sustained, cold enough temperatures to freeze lakes and rivers at all, let alone to freeze them solidly enough to support a house.

Boutain Dec., Dkt. No. 7-1 at 3-4 ¶ 9. Voyager submitted further evidence that:

> 9. Voyager has never sold any product in the Yetti Fish House product line, including any related promotional gear or apparel, to anyone in the state of Texas.
>
> 10. Voyager has never attempted to contact any entity in the state of Texas with regard to its Yetti Fish House brand.
>
> 11. Voyager has never sold any product bearing "Yetti" in Texas.

Boutain Reply Dec., Dkt. No. 12-7 at 3.

Yeti notes that Voyager has not restricted its activities from Texas, and also contends that Texas residents have been served advertisements in Texas as a result of interacting with Voyager's website, citing paragraph 9 of the original Boutain Declaration. Dkt. No. 10 at 9. Voyager points out that the Boutain Declaration in fact merely states that it is possible that Voyager's automated marketing program may have sent digital ads to Texas residents after they visited its website. Dkt. No. 12 at 7. Voyager emphasizes Mr. Boutain's testimony that: "Voyager has never attempted to

contact any entity in the state of Texas with regard to its Yetti Fish House brand" and that "Voyager has never specifically advertised its Yetti Fish House brand in the State of Texas." Boutain Dec., Dkt. No. 7-1 at 3 ¶¶ 8, 9.

Based on the totality of the circumstances, the undersigned concludes that any potential interaction of Texas residents with Voyager's website or digital ads is simply insufficient to support a finding that Voyager has purposefully availed itself of the benefits and protections of doing business in the State of Texas in association with the YETTI name.

Because Yeti has not established the minimum contacts necessary for Voyager to be subject to the exercise of specific personal jurisdiction by Texas courts, the Court need not decide whether exercise of personal jurisdiction over Voyager would offend traditional notions of fair play and substantial justice. Furthermore, because the Court finds that it lacks specific personal jurisdiction over Voyager with respect to Yeti's trademark claims, it also need not address Voyager's alternative argument that venue is not proper in this District.

### C. Jurisdictional Discovery

In the alternative, Yeti asks the Court to stay its ruling and grant leave to conduct personal jurisdiction discovery. Yeti correctly submits that the Court has "broad discretion to permit a party to conduct jurisdictional discovery," and has permitted jurisdictional discovery where the plaintiff has made a prima facie showing sufficient to support further jurisdictional discovery. Dkt. No. 10 at 22 (quoting *Next Techs., Inc. v. ThermoGenisis, LLC*, 121 F. Supp. 3d 671, 677 (W.D. Tex. 2015)). Specifically, Yeti seeks discovery of (1) Voyager's "knowledge of YETI and YETI's trademark rights," (2) "the nature and quality of the commercial contacts between Yetti Outdoors and Texas," and (3) Voyager's additional contacts with Texas. *Id.* at 22-23.

To support a request for jurisdictional discovery, a plaintiff must first make "a preliminary showing of jurisdiction." *Fielding v. Hubert Burda Media, Inc.,* 415 F.3d 419, 429 (5th Cir. 2005).

A preliminary showing does not require proof that personal jurisdiction exists, but a plaintiff must state what facts discovery is expected to uncover and how those facts would support personal jurisdiction. *See Kelly v. Syria Shell Petroleum Dev. B.V.,* 213 F.3d 841, 855 (5th Cir. 2000); *Bavikatte v. Polar Latitudes, Inc.*, No. A-15-CV-00437-LY-ML, 2015 WL 8489997, at *4 (W.D. Tex. Dec. 8, 2015). "If a plaintiff presents factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts . . . the plaintiff's right to conduct jurisdictional discovery should be sustained." *Fielding,* 415 F.3d at 429 (quoting *Toys "R" Us, Inc. v. Step Two, S.A.,* 318 F.3d 446, 456 (3d Cir. 2003)). A plaintiff, however, "is not entitled to jurisdictional discovery when the record shows that the requested discovery is not likely to produce the facts needed to withstand" the motion to dismiss. *Monkton Ins. Servs., Ltd. v. Ritter*, 768 F. 3d 429, 434 (5th Cir. 2014) (quotation omitted). Discovery on matters of personal jurisdiction need not be permitted unless the motion to dismiss raises issues of fact. *Kelly*, 213 F.3d at 855.

Here, the motion to dismiss raises no issue of fact. Voyager has submitted uncontroverted evidence that it was unaware of Yeti and its trademark rights when it adopted the YETTI name, and that it has never sold or attempted to sell its fish houses or any other product under the YETTI mark in Texas. Yeti has not made a prima facie showing sufficient to support further discovery.

Plaintiff YETI Coolers, LLC's request that the Court stay this case and grant leave to conduct jurisdictional discovery therefore is **DENIED**.

## IV. Recommendation

Based on the foregoing, the undersigned **RECOMMENDS** that the District Court **GRANT** Defendant Voyager Industries, Inc. d/b/a/ Yetti Outdoors' Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue (Dkt. No. 7).

The Court **FURTHER ORDERS** that this case be removed from the Magistrate Court's docket and returned to the docket of the Honorable Robert Pitman.

## V.  Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on February 26, 2020.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE